UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HASSON WILSON,

                Plaintiff,                      **MEMORANDUM AND ORDER**

        v.                                     21-CV-5170 (RPK)

WARRANT SQUAD JOHN DOE 1-4,

                Defendant.
------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        *Pro se* plaintiff Hasson Wilson filed this case on September 14, 2021, but has not taken any action since that time. *See* Compl. (Dkt. #1). After plaintiff was released from state custody, he failed to update his address. *See* Mail Returned as Undeliverable (Dkt. #7) (dated 11/23/2021). He has disregarded orders issued by the Court, including orders to provide information necessary to identify the defendants, *e.g.*, Jan. 25, 2022 Order, and to update his address, *ibid.*; Feb. 14, 2022 Order; Apr. 15, 2022 Order, and he has failed to oppose defendants' motion to dismiss for failure to prosecute, *see* Mot. to Dismiss (Dkt. #22); E.D.N.Y. Loc. R. 6.1(b) (requiring service of opposition papers within 14 days of the filing of a motion unless otherwise specified). For the reasons that follow, plaintiff's action is dismissed without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

        Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)) (brackets omitted). Although the text of Rule 41(b) refers to a defendant's "mo[tion] to dismiss the action or any claims against it," Fed. R. Civ. P. 41(b), it is "unquestioned that Rule 41(b) also gives the district court authority to

1

dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  To determine whether dismissal is appropriate, a district court must weigh:

(1) whether plaintiff "caused a delay of significant duration";

(2) whether plaintiff was "given notice that further delay would result in dismissal";

(3) whether defendant was "likely to be prejudiced by further delay";

(4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against plaintiff's right to an opportunity for a day in court"; and

(5) whether lesser sanctions would be effective.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

While dismissal is a "harsh remedy to be utilized only in extreme situations," *Drake*, 375 F.3d at 254, "the authority to invoke it for failure to prosecute is 'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts,'" *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. 2001) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).  "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp.*, 682 F.2d at 43 (quoting Fed. R. Civ. P. 41(b)).

## DISCUSSION

All five Rule 41(b) factors favor dismissal here.

First, plaintiff has caused a significant delay.  Plaintiff has not been in contact with the Court since filing this action on September 14, 2021.  *See* Compl.  During that time, plaintiff has

failed to oppose the Corporation Counsel's motion to dismiss, ignored multiple court-ordered deadlines to update his address, and stalled this case for over four months by failing to provide the necessary releases to permit the Corporation Counsel to identify the unknown John Doe defendants. Days or weeks of delay "typically do[] not warrant dismissal." *Chavis v. City of New York*, No. 17-CV-9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018). But courts have consistently found that delays of four to five months counsel in favor of that outcome. *See, e.g., Greene v. City of New York*, No. 19-CV-873, 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting decisions dismissing for failure to prosecute following delays of "five months or less"), *report and recommendation adopted*, 2020 WL 2836785 (E.D.N.Y. June 1, 2020); *Kent v. Scamardella*, No. 07-CV-844 (SHS), 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (delay of three months "weigh[ed] strongly in favor of dismissal" when it "functioned as a complete block to moving th[e] litigation forward"); *Chavis*, 2018 WL 6532865, at *3 (four months); *see also Lyell Theatre Corp.*, 682 F.2d at 42-43 (noting that "persistent late filings of court ordered papers . . . . may warrant dismissal after merely a matter of months").

Second, the Court twice warned that further delay would result in dismissal, and defendants have also moved for dismissal on these grounds. On February 14, 2022, Magistrate Judge Bloom warned plaintiff that if he failed to provide the Court with his current contact information, she would "assume that he has abandoned this action and . . . recommend that this case should be dismissed." *See* Feb. 14, 2022 Order. On April 14, 2022, defendants moved to dismiss for failure to prosecute. *See* Mot. to Dismiss (Dkt. #22). And on April 15, 2022, I warned plaintiff that, if he failed to "respond to the Court's orders and update his address with the Court by 5/15/2022," the case would "be dismissed for failure to prosecute." *See* Apr. 15, 2022 Order. Those orders

3

were sent to petitioner at the mailing address he gave the Court. If petitioner did not receive actual notice of the Court's orders either by mail or by email, responsibility for that miscommunication lies with him. *See, e.g., Terry v. City of New York*, No. 20-CV-81 (ER), 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020) (explaining that "it remained [plaintiff's] duty to diligently pursue his case and to inform this Court's *Pro Se* Office of any change of address" (quotations omitted)); *Greene v. Sposato*, No. 16-CV-1243 (JMA) (ARL), 2019 WL 1559421, at *1 (E.D.N.Y. Apr. 9, 2019) ("The duty to inform the Court and defendants of any change of address is an obligation that rests with all *pro se* plaintiffs." (quotations omitted)) (collecting cases); *Chavis*, 2018 WL 6532865, at *4 (collecting cases).

Third, defendants are "likely to be prejudiced by further delay." *LeSane*, 239 F.3d at 209. Courts may presume such prejudice where, as here, petitioner has caused an "unreasonable delay." *Id.* at 210 (quotations omitted); *see, e.g., Terry*, 2020 WL 5913409, at *2 (citation omitted).

Fourth, dismissal without prejudice properly strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. The interest in alleviating docket congestion strongly favors closing a case that has stalled for more than four months due to plaintiff's failure to comply with court orders and where plaintiff has not appeared for nearly nine months. But *pro se* litigants "should be granted special leniency regarding procedural matters" in the context of Rule 41(b). *Ibid.* Dismissal without prejudice adequately balances those interests in this case, by serving "the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order." *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010); *see, e.g., Reynel v. Barnhart*, No. 01-CV-6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y.

4

Case 1:21-cv-05170-RPK-LB   Document 24   Filed 06/08/22   Page 5 of 5 PageID #: 66

Sept. 3, 2002) (concluding that a dismissal for failure to prosecute should be without prejudice "[g]iven the plaintiff's *pro se* status").

Finally, because plaintiff has failed to respond to court orders over a lengthy period, and plaintiff's *in forma pauperis* status indicates that he would be unable to pay a monetary sanction, I cannot conclude that any sanction less than dismissal without prejudice would be efficacious. *See LeSane*, 239 F.3d at 209.

## CONCLUSION

Plaintiff's action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

>  */s/ Rachel Kovner*
>  RACHEL P. KOVNER
>  United States District Judge

Dated: June 8, 2022
       Brooklyn, New York